IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| CHANDRA L. BERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 18-cv-2721-SHL-dkv |
| | ) |
| | ) |
| SPECIALIZED LOAN SERVICING, LLC, | ) |
| BANK OF NEW YORK MELLON TRUST | ) |
| COMPANY, and CORELOGIC CREDCO, | ) |
| | ) |
| Defendants. | ) |

---

REPORT AND RECOMMENDATION ON DEFENDANT CREDCO'S MOTION FOR
SUMMARY JUDGMENT

---

On August 27, 2018, the plaintiff, Chandra Berry ("Berry"), commenced a *pro se* civil action against Specialized Loan Servicing, LLC ("Specialized Loan"); Bank of New York Mellon Trust Company ("Bank of New York"); and Corelogic Credco ("Credco"), (collectively, the "Defendants") by filing a civil warrant with a seven-page typed complaint and eight pages of exhibits attached in the General Sessions Court of Shelby County, Tennessee.[1] On

---

[1] On August 27, 2018, Berry filed three separate cases in the General Sessions Court of Shelby County, Tennessee against various defendants for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, among other claims, all of which have been removed to this court by the defendants. (Case No. 18-2654-SHL-dkv; Case No. 18-2689-SHL-dkv; Case No. 18-2721-SHL-dkv). The court entered an order consolidating the cases for discovery and mediation on December 12, 2018. (Order, ECF No. 20.)

October 17, 2018, the defendants removed the action to this court, (Notice of Removal, ECF No. 1), and on November 7, 2018, the defendants filed answers to Berry's complaint, (Credco Ans., ECF No. 11; Specialized Loan and Bank of New York Ans., ECF No. 12).[2] This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Order of Ref., ECF No. 9.)

Now before the court is the August 30, 2019 motion for summary judgment filed by Credco. (Mot. for Summ. J., ECF No. 74.) Berry filed a response in opposition to Credco's motion for summary judgment on September 25, 2019, (Resp., ECF No. 78), and Credco

---

[2] On December 3, 2018, Berry filed a motion requesting leave to amend her complaint. (Pl.'s Mot. to Am. Compl., ECF No. 17.) The court held a status conference on December 12, 2018 to discuss consolidation of this case with two other cases filed by Berry for discovery, during which Berry's pending motion to amend her complaint was briefly discussed. This court granted Berry's motion for leave to file an amended complaint on December 19, 2018 and directed her to file and serve her amended complaint by December 26, 2018. (Order, ECF No. 21.) Berry failed to do so. On April 9, 2019, the court held another status conference. At the hearing, the court instructed Berry that she had until April 16, 2019 to renew her motion for leave to file the proposed amended complaint. Berry still failed to do so. On June 14, 2019, Berry filed a second motion for leave to amend her complaint, which included a second proposed amended complaint as an attachment. (Pl.'s Second Mot. to Am. Compl., ECF No. 56.) This court denied that motion, (Order, ECF No. 68), and Berry appealed, (Appeal, ECF No. 69). The presiding district judge affirmed this court's decision. (Order, ECF No. 86.) As such, the original General Sessions civil warrant and attached complaint remains the operative complaint in this case.

2

filed its reply on October 9, 2019, (Reply, ECF No. 79).

For the following reasons, it is recommended that Credco's summary judgment motion be granted or that, in the alternative, the court grant summary judgment *sua sponte*.

## I.   PROPOSED UNDISPUTED FACTS

This court finds that the following facts are undisputed for purposes of this motion for summary judgment:[3]

On August 21, 2017, Specialized Loan mailed two Notices of Servicing Transfer to Berry:  one dated August 14, 2017, (Aug. 14 Letter, ECF No. 51-10), and one dated August 21, 2017, (Aug. 21 Letter, ECF No. 51-11).  On August 24, 2017, Specialized Loan sent Berry a Verification of Debt information letter ("VOD") informing Berry she had a balance of $34,361.56 remaining on a home equity line of credit (the "HELOC").  (VOD Letter, ECF No. 51-12.)  Berry disputed the debt on the HELOC in a letter to Specialized Loan dated August 28, 2017.  (Dispute Letter, ECF No. 51-13.)  On September 20, 2017, Specialized Loan sent Berry a letter which stated that it received Berry's dispute. (Sept. 2017 Letter, ECF No. 51-14.)  On October 20, 2017, Specialized Loan sent Berry a second letter stating her dispute was currently under review and additional research was required to ensure Berry's concerns were

---

[3] Credco sets forth twelve undisputed facts in its statement of undisputed facts.  Berry disputes many of them, and in addition, sets forth eleven additional facts in her response to the summary judgment motion, many of which Credco disputes.

being addressed.  (Oct. 2017 Letter, ECF No. 51-15.)

In November 2017, Specialized Loan reviewed Berry's account and her disputed material during an internal review and determined that the HELOC was discharged.[4]  (Frederick Korb Decl. ¶ 18, ECF No. 52.)  As part of its internal review, Specialized Loan accessed Berry's credit information through Credco's system to confirm her dispute, the status of the HELOC, and her previous bankruptcy.  (Frederick Korb Decl. ¶ 19, ECF No. 52; Credco's Ans. to Pl.'s Interrog. 4 & 5, ECF No. 75-1.)  Berry's credit report shows her chapter seven bankruptcy, a hard inquiry from American Express, and an additional eight inquiries – one of which is labeled "CREDCO/SPECIALIZED LOAN."  (Berry Credit Report, ECF No. 75-3.)

On July 7, 2018, Berry sent a letter to Credco.  (July 2018 Dispute Letter, ECF No. 75-2.)  In her letter, Berry states that on July 22, 2018, she received credit reports which showed an unauthorized inquiry made on November 17, 2017.  (*Id.*)  In

---

[4] Specialized Loan and Bank of New York filed the Declaration of Frederick Korb, the Senior Manager at Specialized Loan, in support of its motion for summary judgment. (Frederick Korb Decl., ECF No. 52.) Berry subsequently filed a motion to strike portions of the declaration. (Mot. to Strike, ECF No. 63.) The court recommended that Berry's motion to strike be denied, but that her motion be treated as objections to portions of the affidavit and that the objections be sustained in part and overruled in part. (Report and Recommendation, ECF No. 89.) The court has applied this recommendation to Credco's citations to Frederick Korb's declaration and has included those paragraphs for which Berry's objections are recommended overruled and not those paragraphs for which Berry's objections were recommended to be sustained.

4

response, Credco sent Berry a letter dated July 16, 2018. (Credco Resp. Letter, ECF No. 75-3.) In the letter, Credco states that it was unable to verify the information Berry provided and it requested Berry's social security number.[5] (*Id.*) Berry never sent any further correspondence to Credco. (Berry Dep. 261-62, ECF No. 75-4.)

Credco is a "seller" of consumer information and a "consumer reporting agency" under the definitions of 15 U.S.C. § 1681a. (Credco's Ans. to Pl.'s Interrog. 3, ECF No. 75-1; Credco's Resp. to Berry's Material Facts, ECF No. 80.) Credco's system may be accessed by authorized users to obtain credit information. (*Id.* at 5.) Credco's procedures for handling a dispute include: "(1) receiving a summary of the dispute and necessary identifying information about the consumer over the phone or via mail; (2) acknowledging receipt of the dispute in writing; (3) investigating the substance of the consumer's dispute and taking any steps that are necessary to address the dispute; and (4) communicating in writing the results of the investigation to the consumer. (Credco Ans. to Pl.'s Interrog. 12, ECF No. 75-1.)

---

[5] Berry disputes that this letter was ever sent to her. In her response, Berry alleges the letter is "fabricated" and was never produced to her during discovery. (Resp. 5, ECF No. 77.) A review of the entire record, however, shows that this letter was originally introduced as Exhibit 34 to Berry's deposition. (Credco Ans. to Pl.'s Interrog. 4, ECF No. 75-1; Credco Resp. Letter, ECF No. 75-3; Berry Deposition 1, ECF No. 75-4.)

Berry obtained a personal credit report from Experian in 2018 and provided copies of the report to Credco, Specialized Loan, and Bank of New York; however, Berry redacted the heading above the inquiries reflected on her credit report titled "Account Review Inquiry." (Berry Dep. 212-20, ECF No. 75-4; Berry Credit Report, ECF No. 75-5.)

On August 27, 2018, Berry filed the present action. (Compl., ECF No. 1.) On October 17, 2018, the Defendants removed the action to this court, (Notice of Removal, ECF No. 1.), and on November 7, 2018, the Defendants filed answers to Berry's complaint (Credco Ans., ECF No. 11; Specialized Loan and Bank of New York Ans., ECF No. 12). In her General Sessions civil warrant and attached complaint, Berry alleges violations of the Fair Credit Reporting Act of 1970 (the "FCRA"), 15 U.S.C. § 1681, *et seq.*, violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.*, and negligent and intentional misrepresentation. Furthermore, Berry alleges that the Defendants' "improper conduct . . . resulted in . . . invasion of privacy, information inquiry, expos[ure] to an increased risk of identity theft, an increased risk of further invasion of privacy, and emotional distress." (Compl. ¶ 32, ECF No. 1-1.) In the General Sessions civil warrant and attached complaint, Berry seeks $1,000 in statutory damages, $25,000 in actual damages, punitive damages, reasonable attorney fees, and court costs. (General Sessions Civil Warrant 1, ECF No. 1-1.)

## II. PROPOSED CONCLUSIONS OF LAW

A. <u>Summary Judgment Standard</u>

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993); *Osborn v. Ashland Cty. Bd. of Alcohol, Drug Addiction & Mental Health Servs.*, 979 F.2d 1131, 1133 (6th Cir. 1992)(per curium). The moving party has the burden of showing that there are no genuine issues of material fact in the case. *LaPointe*, 8 F.3d at 378. This may be accomplished by pointing out to the court that the non-moving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

In response, the non-moving party must go beyond the pleadings and present significant probative evidence to demonstrate that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993); *see also LaPointe*, 8 F.3d at 378. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."

7

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *LaPointe*, 8 F.3d at 378.

In deciding a motion for summary judgment, the "[c]ourt must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993)(quoting *Anderson*, 477 U.S. at 251-52). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Patton*, 8 F.3d at 346; *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). However, to defeat a motion for summary judgment, "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson*, 477 U.S. at 252; *LaPointe*, 8 F.3d at 378. Finally, a court considering a motion for summary judgment may not weigh evidence or make credibility determinations. *Anderson*, 477 U.S. at 255; *Adams v. Metiva*, 31 F.3d 375, 369 (6th Cir. 1994).

B.  Berry's Claim Against Credco

In her complaint, Berry contends that "Credco [along with Specialized Loan] accessed her consumer report on [November 17,

8

2017] without written or verbal permission in violation of the FCRA." (Compl. ¶ 2, ECF No. 1-1.) Berry further argues that Credco provided her consumer report to Specialized Loan without her permission and alleges that Specialized Loan did not have a permissible purpose for accessing her consumer report. (*Id.* ¶¶ 17-23.) Credco characterizes the issue as "whether [] Credco was authorized to furnish [Berry's] credit information to [Specialized Loan.]" (Mem. in Supp. of Summ. J. 1, ECF No. 74-1.) Credco asserts that it was.

Specifically, Credco argues Berry "fails to raise a triable issue under the [FCRA], [] because there is no statutory provision requiring prior authorization from a consumer that applies to the facts of this case." (*Id.*) Credco cites to § 1681b of the FCRA, which sets out the specific circumstances under which a consumer reporting agency, which Credco concedes it is, may furnish credit information to a third party. (*Id.* at 4.) Section 1681b allows consumer reporting agencies to furnish credit information "to a person which it has reason to believe otherwise has a legitimate business need for the information to review an account to determine whether the consumer continues to meet the terms of the account." 15 U.S.C. § 1681b(a)(3)(F)(ii). Additionally, Credco cites to *Harris v. Database Management & Marketing Inc.*, 609 F. Supp. 2d 509 (D. Md. 2009), which found that a consumer reporting agency have "reason to believe" there is a permissible purpose where the

9

user certified such limited usage, the primary purpose of the user's business involves accessing reports for a permissible purpose, and the agency was unaware of any impermissible use. (*Id.* at 4-5.) Credco argues that Specialized Loan had a permissible purpose to access Berry's credit information "to determine whether [Berry] continue[d] to meet the terms of the [HELOC] account." (*Id.* at 5.) Accordingly, Credco asserts that it was permitted to allow Specialized Loan to access Berry's credit information through its system without Berry's written or verbal permission. (*Id.*)

In response, Berry states that "Credco [was] obligated to comply with . . . the requirements of §1681b and §1681e." (Resp. 1, ECF No. 78.) Berry contends that Credco never certified or received certification from Specialized Loan that it wished to access Berry's report for a permissible purpose and that Credco knew or should have known that Berry's credit report did not contain information concerning the HELOC loan. (*Id.* at 1, 8-9.) The remainder of Berry's response is dedicated to alleging that Credco failed to employ reasonable means to prevent improper disclosure in violation of § 1681e. (*Id.* at 7-8.) In its reply, Credco asserts that Berry's additional claim for violations of § 1681e must be ignored because it is procedurally improper for Berry to assert such claim for the first time in her response to summary judgment and there is no proof in the record to support the

10

contention that Credco failed to maintain proper procedures. (Reply 2, ECF No. 79.)

Credco is correct that Berry's attempt to add a claim for violations of § 1681e is improper. As stated above, Berry's operative complaint is the original complaint attached to her General Sessions civil warrant. Berry's only allegation in the operative complaint relevant to Credco is that Specialized Loan did not have a permissible purpose or permission to access Berry's credit information through Credco's system and that Credco allowed Specialized Loan to do so anyway without written or verbal permission. Berry does not cite to or reference § 1681e in her operative complaint. "'A non-moving party plaintiff may not raise a new legal claim for the first time in response to the opposing party's summary judgment motion;' rather, 'the proper procedure for [the] plaintiff[] to assert a new claim is to amend the complaint in accordance with Rule 15(a)." *Kollmer v. Jackson Tennessee Hosp. Co., LLC*, 219 F. Supp. 3d 738, 745 (W.D. Tenn. 2016)(citing *Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005)). As previously explained, *see supra* note 2, this court gave Berry multiple opportunities to amend her complaint and she consistently failed to do so. Her last motion to amend her complaint was therefore denied, and the presiding district judge affirmed this court's order. (Order, ECF No. 86.) As such, the only claim against

11

Credco for purposes of this summary judgment motion is Berry's claim that Credco violated § 1681b(a) when it furnished her credit report without her permission to do so and without Specialized Loan having a proper purpose.

"The FCRA, 15 U.S.C. § 1681 *et seq.*, . . . is designed to protect consumers from inaccurate information in consumer reports by establishing credit reporting procedures which 'utilize correct, relevant and up-to-date information in a confidential and responsible manner.'" *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 843-44 (6th Cir. 2004)(quoting *Jones v. Federated Fin. Reserve Corp.*, 144 F.3d 961, 965 (6th Cir. 1998)). "The FCRA imposes distinct obligations on three types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies." *Id.* at 844 (citing *Carney v. Experian Info. Sols., Inc.*, 57 F. Supp. 2d 496, 500 (W.D. Tenn. 1999)). Berry purports to hold Credco liable as a consumer reporting agency and Credco concedes that it is a credit reporting agency within the meaning of the FCRA. (Mem. in Supp. of Mot. for Summ. J. 5, ECF No. 74-1.)

The FCRA lists specific circumstances under which a consumer reporting agency may furnish a consumer report to a user. Section 1681b(a) states in relevant part:

> [A]ny consumer reporting agency may furnish a consumer report under the following circumstances and no other:
> . . .

>   (3) To a person which it *has reason to believe*—
>      (F) otherwise has a legitimate business need
>         for the information—
>            . . .
>               (ii) to review an account to determine
>               whether the consumer continues to meet the
>               terms of the account.

15 U.S.C. § 1681b(a)(emphasis added). Although the Sixth Circuit has not explicitly defined the circumstances under which a consumer reporting agency has "reason to believe" the user of the report has a legitimate business need, other courts have provided some guidance. Courts have found a consumer reporting agency to have "reason to believe" where the user has "certified such limited usage, the primary purpose of the [user's] business involve[s] accessing reports for a permissible purpose, and the [consumer reporting] agency [is] unaware of any impermissible use by the [user.]" *Harris*, 609 F. Supp. 2d at 515 (citing *Wilson v. Sessoms*, 1998 U.S. Dist. LEXIS 8154, at *12-13 (M.D.N.C. Mar. 16, 1998); *Boothe v. TRW Credit Data*, 557 F. Supp. 66, 71 (S.D. N.Y 1982); *Klapper v. Shapiro*, 586 N.Y.S. 2d 846, 850 (N.Y. Sup. Ct. 1992)).

Credco argues that Specialized Loan accessed Berry's credit report through Credco's system in order to determine whether Berry continued to meet the terms of the account. (Mem. in Supp. of Summ. J. 5, ECF No. 74-1.) As stated above, Specialized Loan accessed Berry's credit information through Credco's system in order to review her dispute and review the status of the HELOC. Accordingly, Specialized Loan had a permissible purpose for

13

accessing Berry's credit information through Credco pursuant to §1681b(a)(3)(F)(ii). Additionally, Specialized Loan is a debt collector and mortgage servicing company, and as such, part of its business "involve[s] accessing reports for a permissible purpose" such as reviewing accounts. Furthermore, Berry's conclusory assertion that "[Credco] knew or should have known [Berry's] credit report did not include any record of an existing, closed, or cancelled HELOC account," (Resp. 8-9, ECF No. 78), does not demonstrate that Credco was aware of any impermissible purpose. Accordingly, it is recommended that Credco's motion for summary judgment be granted.

Even if, however, it was found that Credco did not meet its burden on summary judgment on this argument alone, it is recommended that *sua sponte* summary judgment may be granted on two grounds. First, Berry authorized any person to whom the Holder of the HELOC makes a credit inquiry to furnish the requested information. Second, viewing the facts in the record in the light most favorable to Berry as the non-movant, Berry has provided no basis for which a reasonable jury could find Credco acted with the requisite negligence or willfulness under the FCRA.

The Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986), that a district court may enter summary judgment *sua sponte*, "so long as the losing party [is] on notice that she had to come forward with all of her evidence." A district court,

14

however, does not have unfettered discretion to enter summary judgment. *Doyle v. City of Columbus*, 120 F. App'x 560, 564 (6th Cir. 2004). Summary judgment may be granted only after notice and a reasonable time to respond. Fed. R. Civ. P. 56(f).

In *Excel Energy, Inc. v. Cannelton Sales Co.*, the Sixth Circuit found that the district court did not abuse its discretion in granting summary judgment *sua sponte*. 246 F. App'x 953, 961 (6th Cir. 2007). The defendants filed a motion for summary judgment, but primarily focused on one particular argument, rather than arguing alternatives. *Id.* Additionally, the plaintiff had responded to the other elements of her claim in her response, despite the defendants not having explicitly addressed them. *Id.* The court found that the district court did err in granting summary judgment on a completely separate claim of the plaintiff's where the defendants' motion did not mention the claim at all. *Id.* at 962; *see also Tibbs v. Bryan*, 2018 WL 7890390, at *4 (6th Cir. Dec. 12, 2018)(explaining that the losing party was on notice where summary judgment on all claims had been filed, a response had been filed, and reply had been filed). Additionally, the Sixth Circuit has found that where another party's motion for summary judgment places the plaintiff on notice that, to survive summary judgment, it must come forward with evidence regarding the issue at hand, the plaintiff is considered to be on sufficient notice. *See Grand Rapids Plastics, Inc. v. Lakian*, 188 F.3d 401, 407 (6th Cir.

15

1999)(explaining that the district court did not err in granting summary judgment *sua sponte* in favor a party who neither raised statute of limitations as a defense nor filed for summary judgement where the other parties' summary judgment put the plaintiff on notice it should have come forward with all its evidence that its claims were not barred).

Berry had sufficient notice of and a reasonable time to respond to the arguments that she authorized the Holder of the HELOC to access her consumer report in the HELOC agreement and that the Defendants did not act with the requisite mental state. Specialized Loan and Bank of New York filed a motion for summary judgment on June 11, 2019, which argued, among other things, that Berry gave prior authorization to access her consumer report and that Berry could not show that they acted with negligence or willfulness.[6] (Specialized Loan & Bank of New York Mot. for Summ. J., ECF No. 51.) Berry responded to those arguments in her response. (Resp., ECF No. 61.) Credco filed this summary judgment motion on August 30, 2019. (Mot. for Summ. J., ECF No. 74.) Both

---

[6] As discussed more fully below, a plaintiff suing for civil relief under the FCRA must show the defendant violated the provisions of the FCRA either negligently under § 1681o or willfully under § 1681n. *See Carney v. Experian Information Solutions, Inc.*, 57 F. Supp. 2d 496, 500 (W.D. Tenn. 1999). Accordingly, whether in regard to her claims against Specialized Loan and Bank of New York, or her in regard to her claim against Credco, Berry must show negligent or willful behavior on the part of the Defendants to establish liability.

16

summary judgment motions dealt with claims under § 1681b. The present motion for summary judgment covers the only claim Berry asserts against Credco. Although Credco solely relied on its argument that Specialized Loan had a permissible purpose, Berry addressed the mental state requirement under the FCRA in her response. Berry states, "Credco negligently and/or willfully prepared and [furnished to Specialize Loan her] credit report when [Credco] knew or should have known [Berry's] credit report did not include any record of an existing, closed, or cancelled HELOC account." (Resp. 8-9, ECF No. 78.) In its reply, Credco argues that Berry's conclusory statements, such as this one, are insufficient to prove her claim. (Reply 2-3, ECF No. 79.) Accordingly, *sua sponte* summary judgment is appropriate in this case as Berry has had sufficient notice and opportunity to dispute that she had given prior authorization to access her consumer report and the issue of the Defendants' mental states.

As stated above, the FCRA provides for specific circumstances under which a consumer reporting agency may furnish a consumer report to a user, such as Specialized Loan. 15 U.S.C. § 1681b(a). One such circumstance is the written instructions of the consumer. *Id.* § 1681b(a)(2). As found in the Report and Recommendation on Specialized Loan and Bank of New York's motion for summary judgment, Berry authorized the Holder of the HELOC interest to access her consumer report. (Report and Recommendation, ECF NO.

17

89 ; HELOC Agreement, ECF No. 51-4) Specifically, the agreement states that "{Berry] authorize[s] Holder, at Holder's expense, to make or have made credit inquiries, *and [Berry] authorize[s] any person to whom the Holder makes such inquiries to furnish Holder with the requested information.*" (HELOC Agreement, ECF No. 51-4 (emphasis added)). Accordingly, Credco could furnish Berry's consumer report to Specialized Loan pursuant to her prior authorization in the HELOC agreement without violating the FCRA.

Additionally, reporting agencies are subject to civil liability for willful or negligent violations of the FCRA. *See* 15 U.S.C. §§ 1681n, 1681o; *Carney*, 57 F. Supp. 2d at 500. Accordingly, to succeed on her FCRA claim against Credco, Berry must show Credco acted either willfully or negligently. "A willful violation is one committed either intentionally or in reckless disregard for the duties imposed under the FCRA." *Scharf v. Trans Union, LLC*, 2015 WL 6387501, at *2 (E.D. Mich. Oct. 22, 2015)(citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007)). "Negligence is accorded its ordinary meaning – a failure to exercise reasonable care." *See Sneed v. Premium Credit Bureau, LLC*, 2016 WL 4217831, at *5 (M.D. Tenn. Apr. 29, 2016)(citing *Miller v. Trans Union LLC*, 2007 WL 641559, at *4 (N.d. Ill. Feb. 28, 2007).

In her complaint, Berry generally alleges that the Defendants willfully and negligently violated the FCRA, (Compl. ¶ 1, 17, 31-

18

33), but almost all of her allegations are in terms of Specialized Loan and Bank of New York – not Credco.  Additionally, in her response to Credco's motion for summary judgment Berry makes conclusory assertions that Credco knew or should have known that information regarding her HELOC was not on her credit report. (Resp. 8-9, ECF No. 78.)  In support of her contention, she attached a "Mortgageserv Note History" log which purportedly belonged to Specialized Loan.  (Note History Log, ECF No. 78-2.) As Credco briefly points out in its reply, these bald assertions and the attachment alone do not sufficiently demonstrate that Credco acted willfully or negligently.  Furthermore, nothing in the record supports a finding of negligent or willful behavior on the part of Credco.  As such, there is no genuine issue of material fact.  Viewing the evidence in the record most favorable to Berry as the non-moving party, a jury could not reasonably find that Credco acted with the requisite mental state required for liability under the FCRA.  Accordingly, it is recommended that Credco's summary judgment motion be granted or that, in the alternative, the court grant summary judgment *sua sponte*.

    Respectfully submitted this 18th day of March, 2020.

                                         s/Diane K. Vescovo
                                         DIANE K. VESCOVO
                                         CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file

written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.