IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHANDRA L. BERRY, | ) |
|    Plaintiff, | ) )  ) |
| v. | ) |
| SPECIALIZED LOAN SERVICING, LLC, BANK OF NEW YORK MELLON TRUST COMPANY and CORELOGIC CREDCO, | ) )  ) )  ) |
|    Defendants. | ) |

No. 2:18-cv-02721-SHL-dkv

**ORDER ADOPTING REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO STRIKE PORTIONS OF FREDERICK KORB'S DECLARATIONS AND OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION ON DEFENDANT SPECIALIZED LOAN SERVICING AND BANK OF NEW YORK MELLON TRUST COMPANY'S MOTION FOR SUMMARY JUDGMENT, ADOPTING REPORT AND RECOMMENDATION ON DEFENDANT CREDCO'S MOTION FOR SUMMARY JUDGMENT, GRANTING SUMMARY JUDGMENT AND DISMISSING CASE**

Before the Court are Chief Magistrate Judge Vescovo's Report and Recommendation on Plaintiff's Motion to Strike Portions of Frederick Korb's Declarations and Objections and Report and Recommendation on Defendants' Specialized Loan Servicing ("SLS") and Bank of New York Mellon Trust Company's ("BONY") Motion for Summary Judgment, filed March 17, 2020. (ECF No. 89.) Also before the Court is Chief Magistrate Judge Vescovo's Report and Recommendation on Defendant Corelogic Credco's ("Credco") Motion for Summary Judgment, filed March 18, 2020. (ECF No. 90.) On March 31, 2020, *pro se* Plaintiff timely filed a Notice of Appeal to Review and Objections to Magistrate Judge Vescovo's March 17, 2020 and March 18, 2020 Report and Recommendations and Plaintiff's Objections.[1] (ECF No. 92.)

---

[1] The Court consolidates this Order because Plaintiff responded to all of the Reports and Recommendations in the same document, her arguments in response are the same and for purposes of judicial efficiency.

Included with these objections is Plaintiff's appeal of the Chief Magistrate Judge's ruling sustaining BONY and SLS's objections to the affidavits of Karen Berry and Eldean Brown. (ECF No. 92, PageID 938; see ECF No. 89, PageID 907-08.)  Defendants responded to Plaintiff's objections and appeal on April 14, 2020.  (ECF Nos. 93, 94.)

For the reasons set forth below, the Chief Magistrate Judge's Order regarding Karen Berry and Eldean Brown (ECF No. 89) is **AFFIRMED**; the report and recommendation on Plaintiff's motions to strike (id.) is **ADOPTED**; the report and recommendation on Defendant SLS and BONY's Motion for Summary Judgment (id.) is **ADOPTED** and summary judgment is **GRANTED** and the report and recommendation on Defendant Credco's Motion for Summary Judgment (ECF No. 90) is **ADOPTED** and summary judgment is **GRANTED**.

## PROCEDURAL BACKGROUND

On August 27, 2018, Plaintiff, proceeding *pro se*, filed three separate cases in the General Sessions Court of Shelby County, Tennessee, against various defendants, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., among other claims, all of which were removed to this court by Defendants.[2]  The Court referred all three cases to Chief Magistrate Judge Vescovo for management and resolution of all pretrial matters.  (Order of Ref., ECF No. 9.)  The Court also consolidated the cases for discovery and mediation on December 12, 2018.  (Order, ECF No. 20.)

On June 11, 2019, BONY and SLS filed a motion for summary judgment.  (ECF No. 51). The same day, they filed the Declaration in Support of Defendants' Motion for Summary Judgment (ECF No. 52) and Statement of Undisputed Material Facts.  (ECF No. 53.)   Berry

---

[2] Case No. 18-2654-SHL-dkv; Case No. 18-2689-SHL-dkv; Case No. 18-2721- SHL-dkv.

responded in opposition to the motion on July 9, 2019.  (ECF No. 61.)  Additionally, Berry responded to the Statement of Undisputed Material Facts and filed her own affidavit and the affidavits of her sister, Karen Berry, and a work associate, Eldean Brown. (ECF Nos. 62, 62-1, 62-2, 62-3.)  BONY and SLS filed a reply, responded to Berry's additional facts and objected to the affidavits of Karen Berry and Eldean Brown on July 23, 2019.  (ECF Nos. 64, 65.)

On July 9, 2019, Berry filed a Motion to Strike Portions of Declarations of Frederick Korb.  (ECF No. 63.)  BONY and SLS responded to the Motion to Strike on July 23, 2019.  (ECF No. 66.)

On August 30, 2019, Credco filed its Motion for Summary Judgment.  (ECF No. 74.)  Along with its motion, it also filed a Statement of Undisputed Facts.  (ECF No. 75.)  Plaintiff responded in opposition on September 25, 2019, (ECF No. 78), and also responded to the Statement of Undisputed Facts.  (ECF No. 77.)  On October 9, 2019, Credco replied (ECF No. 79) and responded to Plaintiff's additional undisputed facts.  (ECF 80.)

The Chief Magistrate Judge then issued the Report and Recommendations on Plaintiff's Motion to Strike and both pending Motions for Summary Judgment.  She recommended that Berry's motions to strike portions of Korb's declaration be denied in part and granted in part because the declarant possessed the requisite personal knowledge of some of the facts asserted in his declaration.  The Reports and Recommendations further recommended that the Motions for Summary Judgment be granted because Plaintiff had failed to establish violations of the Fair Credit Reporting Act ("FCRA"), Fair Debt Collections Practices Act ("FDCPA") or the other state law claims.

## FACTS[3]

This case centers on Plaintiff's Home Equity Line of Credit ("HELOC"), secured by property she once owned at 6215 Malloch Drive, Memphis, Tennessee 38119 ("the Property"). (ECF Nos. 51-2; 51-4; 51-5.)  In 2011, Berry received a discharge under Chapter 7 of the United States Bankruptcy code, however, eventually the bankruptcy judge removed the property from the bankruptcy estate.  (ECF No. 51-7.)  In 2015, BONY purchased the Property at auction. (ECF No. 51-9.)  In 2017, SLS accessed Berry's credit information through Credco's system to investigate her bankruptcy and verify the HELOC.  (ECF No. 52.)  SLS sent two transfer notices to Berry and a verification of debt, informing her that she still owed $34,361.56 on the HELOC. (ECF Nos. 51-10, 51-11, 51-12.)  Berry disputed the debt with SLS via letter (ECF No. 51-13) and SLS further investigated Berry's record.  (ECF Nos. 51-15, 51-16, 51-19.)  She also initiated a dispute with Credco, but did not respond to Credco's follow up inquiry.  (ECF Nos. 75-2, 75-3, 75-4 at PageID 759.)  Eventually, SLS wrote off Berry's debt.  (ECF No. 52.)

## STANDARD OF REVIEW

When reviewing a magistrate judge's report and recommendation, the applicable standard of review turns on whether the issue before the court is dispositive or non-dispositive.  A district court applies a "clearly erroneous or contrary to law" standard of review for "non-dispositive" preliminary matters.  (28 U.S.C. §636(b)(1)(A).)  Therefore, the court sustains objections on non-dispositive matters if it finds "any portion of the magistrate judge's order . . . to be clearly erroneous or contrary to law." (Fed. R. Civ. P. 72(a).)

---

[3] Plaintiff does not specifically dispute any of the proposed undisputed facts in the Chief Magistrate's Report and Recommendation, merely their import.  Therefore, the Court adopts the Proposed Undisputed Facts from the Report and Recommendation and provides a brief recitation for purposes of this Order.  (See ECF No. 89, PageID 877-84; ECF No. 90, PageID 917-20.)

>Congress set out a list of dispositive motions in § 636(b)(1)(A):

>motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

Courts disagree as to whether a motion to strike is a dispositive motion. "[T]he Sixth Circuit has not addressed this precise issue." Herrerra v. Michigan Dep't of Corr., No. 5:10-CV-11215, 2011 WL 3862426, at *3 n.1 (E.D. Mich. July 22, 2011). While there is a lack of consensus among the courts, the decision as to whether a motion to strike was dispositive or non-dispositive turns on the particular issue before the court. Where a motion to strike concerns a dispositive issue enumerated in § 636(b)(1)(A), such as striking a pleading, courts have determined the ruling on the motion to be a dispositive one. Herrerra v. Michigan Dep't of Corr., No. 5:10-CV-11215, 2011 WL 3862426, at *3 n.1 (E.D. Mich. July 22, 2011) (citations omitted) ("Although the Sixth Circuit has not addressed this precise issue, it has held that striking . . . a pleading as a discovery sanction is considered a dispositive motion outside of a magistrate judge's authority to hear and determine pursuant to 28 U.S.C. § 636(b)."); Jeeper's of Auburn, Inc. v. KWJB Enter., L.L.C., No. 10-13682, 2011 WL 1899195, at *1 (E.D. Mich. Mar. 16, 2011), report and recommendation adopted, No. 10-13682, 2011 WL 1899531 (E.D. Mich. May 19, 2011) ("A motion to strike an affirmative defense is generally considered to be a dispositive motion. . . .")

If a motion to strike involves a non-dispositive issue, such as striking portions of a complaint, courts have concluded that it is a non-dispositive one. MCC Mgmt. of Naples, Inc. v. Arnold & Porter, LLP, 2008 WL 4642835, at *1 (M.D. Fl. Oct. 20, 2008) ("The Motion to

5

Strike was not itself dispositive of any claim, as it only sought to strike certain paragraphs of the Second Amended Complaint. . . . [T]herefore[,] the magistrate judge properly resolved the motion by order."); Nat'l Bankers Tr. Corp. v. Peak Logistics, LLC, No. 12-2268 A/P, 2012 WL 12909869, at *2 n.1 (W.D. Tenn. June 1, 2012) (reasoning "a Motion to Strike paragraphs 41 and 42 of the Complaint, which deal solely with the non-dispositive, evidentiary issue of insurance coverage" was a non-dispositive motion). Similarly, motions to strike portions of declarations are non-dispositive, focused solely on evidentiary issues. Here, the Court concludes that Plaintiff's motions to strike the declaration of Korb (ECF No. 63) is non-dispositive because it addresses evidentiary issues, not the ultimate issue in the case. Thus, the Court will review those objections under the "clearly erroneous or contrary to law" standard.

The Court reviews objections to a Report and Recommendation on a Motion for Summary Judgment, a dispositive motion, with the more stringent de novo standard. Under this standard, "the District Judge must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A party's objections to a magistrate judge's ruling, either in whole or in part, "must be clear enough to enable the District Court to discern those issues that are dispositive and contentious." See Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." See Howard v. Sec'y of Human & Health Servs., 932 F.2d 505, 509 (6th Cir. 1991). Similarly, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Holloway v. Palmer, 2017 WL 4844457, at *2 (6th Cir. Apr. 5, 2017) (quotations omitted).

## ANALYSIS

Plaintiff objects to the Chief Magistrate Judge's rulings on the declaration of Frederick Korb, and the affidavits of Eldean Brown and Karen Berry as well as to the Reports and Recommendations.  In essence, Plaintiff contends that the declaration at issue contains inadmissible hearsay, the affidavits she relies on do not contain hearsay and disputes of fact prevent summary judgment.  The Court analyzes each issue below.

**I.    Korb Declaration**

Plaintiff objects to the Chief Magistrate Judge's Report and Recommendation denying her motion to strike portions of Korb's declaration.  She argues that Korb "clearly does not aver personal knowledge," which was also her rationale in her original Motion.  (ECF No. 92, PageID 938; ECF No. 63.)  In the original Motion, Berry objected to eight paragraphs of Korb's declaration.  (Id.)  The Chief Magistrate Judge construed her position as objecting to the admissibility of the specific paragraphs of the declaration.  Lombard v. MCI Telecom. Corp., 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998); Porter v. Hamilton Beach/Proctor-Silex, Inc., 2003 WL 21946595, at *2 (W.D. Tenn. July 28, 2003) (finding that a motion to strike was "not the proper procedural device" by which to object to exhibits offered to support a motion.)  Then, the Chief Magistrate Judge analyzed each paragraph in great detail and recommended that Berry's objections be sustained as to three paragraphs and overruled as to the remaining five.  (ECF No. 89, PageID 887-93.)

Now, Plaintiff avers that the Chief Magistrate Judge "erred in carefully assessing the content."  (ECF No 92, PageID 938.)  In support, she argues that Korb "did not state that he was Senior Manager during the relevant time period, or how his job duties caused him to have knowledge of the claims in question."  (Id. at PageID 939.)  While she previously raised issues

7

with Korb's lack of personal knowledge, she did not raise any specific issue as to his employment status or job description. The Magistrate Judge Act, 28 U.S.C. § 631, "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000.) "The failure to raise the argument before the Magistrate Judge constitutes the waiver" of the argument. Marr v. Foy, No. 1:07-CV-908, 2010 WL 3061297, at *4 (W.D. Mich. Aug. 3, 2010) (quoting Allen v. Int'l Truck & Engine Corp., 2009 WL 863 591, *1 (S.D. Ohio Mar. 31, 2009)). Plaintiff's contention that the declaration does not state Korb's employment timeline or job duties was not raised in the original motion to strike, and thus is waived.

Moreover, Plaintiff has failed to show that the Chief Magistrate Judge's partial denial of Plaintiff's Motion was "clearly erroneous or contrary to law," the applicable standard for this non-dispositive motion. Plaintiff's objections amount to disagreements with the statements as none of the evidentiary rules raised apply to support the motion to strike. The Chief Magistrate Judge's denial of Plaintiff's Motion to Strike is **AFFIRMED** and Plaintiff's objections are **OVERRULED**.

II.     **Affidavits**

In her response to Defendant BONY and SLS's Motion for Summary Judgment, Plaintiff attached the affidavits of her sister, Karen Berry (ECF No. 62-2), and co-worker Eldean Brown to provide support for her emotional distress allegations. (ECF No. 62-3.) As part of her ruling on those motions, the Chief Magistrate Judge found that the affidavits were "based on what Berry told the affiants not on their personal knowledge and constitute impermissible hearsay." (ECF No. 89, PageID 908.) She ruled that the affidavits would be disregarded. However, the Chief Magistrate Judge also concluded that "[r]egardless, even if the affidavits were considered,

8

Berry has failed to present evidence of an essential element of her emotional distress claims or create a genuine dispute of material fact as to an essential element of her emotional distress claims." (Id. at PageID 908-09.)

Plaintiff objects to the Chief Magistrate Judge's ruling summarily, stating that the "Court erred in sustaining Defendants' objections because the affiants' statements were based solely on personal knowledge." (ECF No. 92, PageID 938.) Plaintiff does not explain how personal knowledge has been shown or how further review will lead to a different finding by this Court. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Holloway v. Palmer, 2017 WL 4844457, at *2 (6th Cir. Apr. 5, 2017) (quotations omitted). Because Plaintiff has failed to show that the Chief Magistrate Judge's ruling was "clearly erroneous or contrary to law," the ruling regarding the affidavits is **AFFIRMED** and Plaintiff's objection is **OVERRULED**.

### III. Defendants' Motions for Summary Judgment

Chief Magistrate Judge Vescovo recommends granting SLS and BONY's Motion for Summary Judgment on all of Plaintiff's claims, concluding that Berry failed to establish a genuine issue of material fact to survive summary judgment. (ECF No. 89.) She recommends the same for Credco's Motion for Summary Judgment, finding again that there is no genuine issue of material fact. (ECF No. 90.) Berry objects, contending that a reasonable jury could find a genuine issue of material fact on each of her claims. (ECF No. 92.) The Court addresses Plaintiff's arguments below.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The

moving party has the burden of showing that there are no genuine issues of material fact at issue in the case. LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378. This may be accomplished by demonstrating to the court that the non-moving party lacks evidence sufficient to support an essential element of its case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

In response to a motion, the non-moving party must go beyond the pleadings and present significant probative evidence to establish that there is more than "some metaphysical doubt as to the material facts." Moore v. Philip Morris Cos., 8 F.3d 335, 340 (6th Cir. 1993); see also LaPointe, 8 F.3d at 378. "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves[.]" Celotex, 477 U.S. at 324. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); LaPointe, 8 F.3d at 378.

In deciding a motion for summary judgment, the "[c]ourt must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993) (quoting Anderson, 477 U.S. at 251-52). The evidence, all facts and any inferences that may permissibly be drawn from the facts, must be viewed in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Patton, 8 F.3d at 346; 60 Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987). But to defeat a motion for summary judgment, "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be

10

insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson, 477 U.S. at 252; LaPointe, 8 F.3d at 378.

### A. "Disputed Issues"

Plaintiff first lists twelve "disputed issues"[4] as objections and generally refers the Court to "Plaintiff's Response in Opposition to Motion for Summary, Judgment, Statement of Disputed Facts and Supporting Affidavits."

(ECF No. 92, PageID 937-38.)  The "disputed issues" are, verbatim:

> 1. Whether the Magistrate Judge's March 17, 2020 and March 18, 2020 Report and Recommendation is clearly erroneous and contrary to law.
> 2. Whether the Court failed to properly docket Plaintiff's First Amended Complaint filed and served on December 3, 2018.
> 3. Whether the Court erred in denying Plaintiff's June 2019 re-filed and reserved Amended Complaint.
> 4. Whether the Court erred in sustaining objections to Plaintiff's witness testimony (K. Berry Affidavit, and E. Brown Affidavit) and erred in overruling objections to Korb's declaration in part.
> 5. Whether the FDCPA required SLS and BONY to take affirmative action to cease its attempt to collect a time-barred and discharged debt.
> 6. Whether SLS on behalf of BONY Notice of Servicing Transfer and Notice of Verification of Debt was a misrepresentation of the amount owed on a time-barred and discharged debt.
> 7. Whether SLS and BONY used misleading, deceptive and unfair practices to collect a time-barred and discharged debt.
> 8. Whether Credco failed to follow reasonable procedures before it provided SLS on behalf of BONY access to Plaintiff's consumer information when Plaintiff had no HELOC on her consumer report to review or "to determine whether [Plaintiff] continue[d] to meet the terms of the [HELOC] account." (Mem. In Supp. Of Summ. J. 5).
> 9. Whether the Defendants accessed Plaintiff's consumer information without a permissible statutory purpose;
> 10. Whether the Defendants were negligent or willful in noticing Plaintiff and accessing Plaintiff's consumer information that caused Plaintiff's injuries.
> 11. Whether the Defendants investigation was unreasonable as a matter of law when the truism that the reasonableness of the investigation is a question of fact for a jury's determination. (See NCLC's Fair Credit Reporting § 6.10.4.4.).

---

[4] In numbers two and three, Plaintiff improperly attempts to relitigate the denial of her amended complaint.  (ECF Nos. 68, 86.)  Number four is addressed above.

11

>12. Whether Credco was aware of SLS and BONY's impermissible purpose in providing Plaintiff's consumer information.

(ECF 92, Page ID 937-38.)

These statements do not state with particularity or specificity how the court erred but rather just state questions of law.  Berry also apparently attempts to direct the Court to "Plaintiff's Response in Opposition to Motion for Summary Judgment, Statement of Disputed Facts and Supporting Affidavits," presumably for the arguments in support of the list of disputed issues.  (ECF No. 92, PageID 937.)  Thus, the result is a list of so-called "disputed issues" that read like headings of legal arguments but without the argument that follows, and a reference to her prior arguments on these issues, not the required specifics as to how she believes the Chief Magistrate Judge erred.  "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Holloway v. Palmer, 2017 WL 4844457, at *2 (6th Cir. Apr. 5, 2017) (quotations omitted).

Taken as a whole, Plaintiff's "objection" is nothing more than a general objection to the Magistrate Judge's recommendation.

>A general objection to the entirety of the magistrate's report has the same effect as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.
>
>Howard v. Sec'y of Human & Health Servs., 932 F.2d 505, 509 (6th Cir. 1991) (citing Thomas v. Arn, 474 U.S. 140, 148 (1985.))

The Court declines to comb through Plaintiff's brief to find exactly where she thinks there is error in the Report and Recommendation.  Doing so would require the Court to construe

12

Plaintiff's arguments for her, and determine which arguments were preserved among the hundreds of pages of prior motions and exhibits. The Court finds that the list of "disputed issues" and reference back to Berry's pre-Report and Recommendation response to Defendant's Motion for Summary Judgment amounts to a failure to object. Next, Plaintiff objects to the Chief Magistrate Judge's ruling regarding her FCRA Claim.

### B.     FCRA Claim

In her objections, Berry does include a separate section on her FCRA claim, arguing that Defendants had no permissible purpose for accessing her credit report. (ECF No. 92, PageID 939–41.) The Chief Magistrate Judge had found that "[i]t is clear that Berry gave prior authorization, by virtue of her signing the HELOC agreement, to any Holder of that interest to 'make or have made credit inquiries' and no time limit was specified in the agreement." (ECF No. 89, PageID 899.) It appears that Plaintiff believes that her bankruptcy interrupted Defendants' rights to access her credit report although she provides no support for that position. (ECF No. 92, PageID 941.)

The Court struggles to understand Plaintiff's objection, and specifically Berry's position as to how the Chief Magistrate Judge erred or how further review will lead to a different finding by this Court. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Holloway v. Palmer, 2017 WL 4844457, at *2 (6th Cir. Apr. 5, 2017) (quotations omitted). The argument presented by Berry is the same argument she raised in response to Defendants' Motion for Summary Judgment. Out of an abundance of caution, the Court reviews the issue de novo and reaches the same result. The Chief Magistrate Judge's grant of Defendant's Motion for

Summary Judgment as to Plaintiff's FCRA claim is **ADOPTED** and Plaintiff's FCRA claim is **DISMISSED WITH PREJUDICE**.[5]

B.   **FDCPA Claim**

The Chief Magistrate Judge found that Plaintiff's FDCPA claim related to BONY and SLS was time barred, as it was filed over a month after the statute of limitations. (ECF No. 89, PageID 904.) Defendants argued this issue in their motion for summary judgment and Plaintiff failed to respond. (Id.; see also ECF No. 51-5, PageID 179.) Again, Plaintiff does not address Defendants' argument, although she does include a section in her objection in which she re-argues her previous position. Given the absence of any objection as to the issue that formed the basis of the ruling, the Court reviewed the Chief Magistrate Judge's ruling based on the clear error standard and finds none. The Chief Magistrate Judge's grant of Defendant's Motion for Summary Judgment as to Plaintiff's FDCPA claim is **ADOPTED** and Plaintiff's FDCPA claim is **DISMISSED WITH PREJUDICE**.

C.   **Negligent and Intentional Misrepresentation**[6]

The Chief Magistrate Judge found that Plaintiff failed to state a claim for negligent and intentional infliction of emotional distress. (ECF No. 89, PageID 909-13.) Specifically, she found that Berry failed to allege a severe emotional injury to the level required under Tennessee law (id. at PageID 909), failed to support an allegation of severe emotional injury with "expert

---

[5] The Chief Magistrate Judge found that Plaintiff's only claim against Credco in the operative complaint is "when it furnished her credit report without her permission to do so and without [SLS] having a proper purpose." (ECF No. 90, PageID 925-26.) Because this claim is now dismissed with prejudice, there are no remaining claims against Defendant Credco.

[6] Plaintiff does not squarely address the Chief Magistrate Judge's findings related to Negligent and Intentional Infliction of Emotional Distress. (ECF No. 89, PageID 906-13.) The Court reviewed this and the remainder of the Report and Recommendation for clear error and finds none.

medical or scientific evidence," (id. at PageID 910), or show that defendants' conduct was "so outrageous that it cannot be tolerated by civilized society. (Id. at PageID 911.) All of these factors are required under Tennessee law.

Plaintiff confusingly argues that "the Court applied the wrong standard for evaluating § 1692e claims and that Plaintiff's § 1692e claims should be evaluated under a strict liability standard." (ECF No. 92, PageID 943.) Thus, she appears to argue that this claim arises under the FDCPA, however, neither shows the Court how the Chief Magistrate Judge's application of Tennessee state law is incorrect, nor how her argument is not barred by the FDCPA's statute of limitations violation.

In deference to the pro se Plaintiff, the Court applied de novo review. However, the Court comes to the same conclusion as the Chief Magistrate Judge, as Berry is missing an element to any possible state law claim and her claims under the FDCPA are time-barred. Therefore, the Chief Magistrate Judge's grant of Defendant's Motion for Summary Judgment as to Plaintiff's FDCPA claim is **ADOPTED** and Plaintiff's negligent and intentional misrepresentation claims are **DISMISSED WITH PREJUDICE**.

For these reasons and upon review of the Chief Magistrate Judge's Report and Recommendation, Plaintiff's claims fail as a matter of law. A motion for summary judgment is a dispositive pretrial matter subject to de novo review upon objection. § 636(b)(1)(A). Several of Plaintiff's "objections" are vague and conclusory, and fail to "meet the requirement of specific objections and is tantamount to a complete failure to object." See Howard, 932 F.2d at 509. Therefore, the Court has reviewed those issues within the Report and Recommendation using the "clearly erroneous or contrary to law" standard and found no error. Where Plaintiff has arguably stated a specific objection, the Chief Magistrate Judge's ruling was reviewed de novo and the

Court agrees with its conclusions. The Chief Magistrate Judge's recommendation to grant Defendants motions for summary judgment is **ADOPTED**.

## CONCLUSION

For the foregoing reasons, the Chief Magistrate Judge's Order regarding Karen Berry and Eldean Brown is **AFFIRMED**; the report and recommendation on Plaintiff's motions to strike is **ADOPTED**; the report and recommendation on Defendant SLS and BONY's Motion for Summary Judgment is **ADOPTED** and summary judgment is **GRANTED** and the report and recommendation on Defendant Credco's Motion for Summary Judgment is **ADOPTED** and summary judgment is **GRANTED**.

**IT IS SO ORDERED,** this 13th day of August, 2020.

                                              s/ Sheryl H. Lipman
                                              SHERYL H. LIPMAN
                                              UNITED STATES DISTRICT JUDGE